UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO.   1:22-cv-21-GNS
*Electronically Filed*

| | |
|---|---|
| GALE BACHMAN and husband,<br>STEFAN BACHMAN | PLAINTIFFS |
| v. | |
| DOLLAR GENERAL CORPORATION | |
| and | |
| UNKNOWN EMPLOYEES OF<br>DOLLAR GENERAL CORPORATION | DEFENDANTS |

## NOTICE OF REMOVAL

Defendant Dollar General Corporation (the "Removing Defendant"), by counsel, states as follows for its Notice of Removal:

### Introduction

1. Plaintiffs Gale Bachman and Stefan Bachman filed this action on January 11, 2022 in Clinton County, Kentucky Circuit Court, Civil Action No. 22-CI-00002. The defendants to this action are Dollar General Corporation and Unknown Employees of Dollar General Corporation. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the state court action is attached to this Notice as **Exhibit 1**.

2. Removing Defendant received a copy of the Complaint n February 14, 2022. This Notice of Removal is filed within thirty days of Removing Defendant's receipt of the Complaint pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

3. Pursuant to 28 U.S.C. § 1446(d), Removing Defendant has filed this Notice with this Court, is serving a copy of this Notice on Plaintiffs' counsel, and is filing a copy in the Clinton Circuit Court.

4. A copy of the required Civil Cover Sheet is attached to this Notice as **Exhibit 2**.

### Grounds for Removal

5. Removing Defendant removes this action to the United States District Court for the Western District of Kentucky, Bowling Green Division, based on the existence of diversity jurisdiction under 28 U.S.C. §§ 1332(a) & 1441(a).

6. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

7. Under 28 U.S.C. § 1441(a), any civil action brought in state court that is within the original jurisdiction of the federal courts may be removed by the defendant to the federal district court for the district and division embracing the place where the state action is pending.

### Diversity of Parties

8. Upon information and belief, Plaintiffs are citizens and residents of Kentucky. *See* [**Ex. 1**, Complaint at 2 ¶1.]

9. Defendant Dollar General Corporation is a Tennessee corporation with its principal place of business in Goodlettsville, Davidson County, Tennessee. *See* [*Id.* at 2 ¶2.] Defendant Dollar General Corporation is a citizen of Tennessee for purposes of diversity jurisdiction under 28 U.S.C. §§ 1332(a) & 1441. *See* 28 U.S.C. § 1332(c)(1).

10. This matter arises from an incident occurring at a Dollar General Market retail store in Albany, Clinton County, Kentucky.

11. Upon information and belief, the subject retail store is not operated by Defendant Dollar General Corporation. Instead, the subject retail store is operated by Dollar General Partners, a Kentucky general partnership. Dollar General Partners is believed to be the real defendant in interest. "When determining whether diversity jurisdiction exists, a federal court must disregard nominal parties and decide jurisdiction only on the citizenship of the real parties in interest." *Mortenson Family Dental Ctr., Inc. v. Heartland Dental Care, Inc.*, 526 F. App'x 506, 508 (6th Cir. 2013).

12. For purposes of federal diversity jurisdiction under 28 U.S.C. §§ 1332(a) & 1441, an unincorporated association, such as a partnership, possesses the citizenship of each of its members. *See Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994).

13. Further, when an unincorporated association is comprised of one or more partners or members, the Court must inquire as to the citizenship of each "sub-member" to determine if complete diversity exists. *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

14. The partners of Dollar General Partners are DG Strategic VI, LLC and DG Promotions, Inc.

15. DG Strategic VI, LLC is a single-member Tennessee limited liability company. The sole member of DG Strategic VI, LLC is Dollar General Corporation, a Tennessee corporation with its principal place of business in Tennessee. DG Strategic VI, LLC is therefore a citizen of Tennessee for purposes of diversity jurisdiction under 28 U.S.C. §§ 1332(a) & 1441 because its sole member is a Tennessee citizen. *See Delay*, 585 F.3d at 1005.

16. DG Promotions, Inc. is a Tennessee corporation with its principal place of business in Tennessee. DG Promotions, Inc. is a citizen of Tennessee for purposes of diversity jurisdiction under 28 U.S.C. §§ 1332(a) & 1441. *See* 28 U.S.C. § 1332(c)(1).

17. Because all partners and sub-members of Dollar General Partners are citizens of Tennessee, Dollar General Partners is a citizen of Tennessee for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a) & 1441. *See Layne*, 26 F.3d at 41; *Delay*, 585 F.3d at 1005.

18. Based on the foregoing, Plaintiffs are diverse in citizenship from Defendant Dollar General Corporation, as well as the entity believed to be the real defendant in interest, Dollar General Partners.

19. Plaintiffs also named as defendants "Unknown Employees of Dollar General Corporation." *See* [*Id.* at 2 ¶5.]

20. Under 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded" when determining whether a civil action is removable on the basis of diversity.

21. Accordingly, the citizenship of the Unknown Employees—which Plaintiffs do not allege in their Complaint—must be disregarded for purposes of removal. *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 947-48 (6th Cir. 1994) (disregarding citizenship of "Jane Doe" defendant); *Smith v. Kmart Corp.*, No. 7:12-CV-103-KKC, 2012 WL 6652602, at *1-2 (E.D. Ky. Dec. 19, 2012) (disregarding citizenship of "Unknown Employees" defendants).

22. Because Plaintiffs are completely diverse from Defendant Dollar General Corporation and Dollar General Partners—the only parties who matter for diversity of citizenship purposes—the diversity requirement of 28 U.S.C. § 1332(a) is satisfied. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 & n.3 (1996).

**Amount in Controversy**

23. Plaintiffs' Complaint seeks damages arising from an alleged incident occurring on January 13, 2021 at the Dollar General Market retail store in Albany, Clinton County, Kentucky. Specifically, Plaintiffs allege Gale Bachman was struck by a stock cart, causing her to sustain injuries. Plaintiffs assert claims of negligence, punitive damages, emotional distress, negligent supervision and training, negligent inspection, and loss of consortium.

24. Plaintiffs' Complaint does not contain a demand for a specific sum of monetary damages, because such a demand is not permitted under Kentucky's civil rules. *See* 28 U.S.C. § 1446(c)(2)(A)(ii); Ky. R. Civ. P. 8.01(2).

25. Plaintiffs seek damages for "past, present and future hospital and medical bills, past, present and future loss of earnings, loss of consortium, and physical and mental pain and suffering." [*Id.* at 8 ¶A.]

26. Removing Defendant received a $100,000 pre-suit demand from Plaintiffs, which included copies of medical records for Plaintiff Gale Bachman purporting to substantiate this amount. Plaintiffs' demand claims Mrs. Bachman sustained serious injuries to her right lower back, left knee, right shoulder, cervical spine, and right knee. Plaintiffs state Mrs. Bachman has undergone a cervical spine MRI, has treated with a neurologist, and has received one or more steroid injections in her neck. Finally, Plaintiffs say Mrs. Bachman continues to experience extensive, constant pain in her neck, limited range of motion in her neck, and headaches.

27. A demand letter may be considered "relevant evidence of the amount in controversy" if it "reflects a reasonable estimate of the plaintiff's claim." *Conder v. Best Value, Inc.*, No. 3:08-cv-411-M, 2008 WL 4601915, at *2 (W.D. Ky. Oct. 15, 2008) (cleaned up). Here, while Removing Defendant disputes Plaintiffs are entitled to the amounts demanded in their

counsel's letter, Plaintiffs have nevertheless set forth a claim for at least $100,000 in medical bills and pain and suffering.

28. Plaintiffs' Complaint also seeks "exemplary and/or punitive damages." [*Id.* at 8 ¶B.] "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citation and internal alteration omitted). Again, although Removing Defendant disputes Plaintiffs are entitled to punitive damages, at the pleading stage it cannot be said with legal certainty Plaintiffs cannot recover such damages.

29. Based on the foregoing, the amount in controversy under the Complaint exceeds $75,000 by a preponderance of evidence. *See* 28 U.S.C. § 1446(c)(2)(B).

**Jurisdiction and Venue**

30. This Court has subject matter jurisdiction over the action and all claims asserted against Removing Defendant, as Plaintiffs have placed more than $75,000 in controversy and Plaintiffs are completely diverse from both Removing Defendant and the party believed to be the real defendant in interest.

31. Consent of the Unknown Employees to remove this action is not required, as they have not been served or otherwise properly joined to this action. *See Farnsworth v. Nationstar Mortg., LLC*, 569 F. App'x 421, 425 (6th Cir. 2014); *Bell v. Newpage Corp.*, No. 5:10-CV-27, 2010 WL 1141165, at *1 (W.D. Ky. Mar. 22, 2010)

32. Removal of this action is proper because this action is within the original jurisdiction of this Court and none of the defendants whose citizenship must be considered for diversity purposes is a citizen of Kentucky. *See* 28 U.S.C. §§ 1441(a) & (b)(2).

33. Venue is proper in this Court pursuant to 28 U.S.C. §§ 97(b) & 1441(a), as the United States District Court for the Western District of Kentucky, Bowling Green Division, is the federal judicial district and division embracing the Clinton County, Kentucky Circuit Court, where the state court action was originally filed.

WHEREFORE, for the reasons set forth above and pursuant to 28 U.S.C. §§ 1441(a) & 1446, Defendant Dollar General Corporation hereby removes this action from the Clinton County, Kentucky Circuit Court to the United States District Court for the Western District of Kentucky, Bowling Green Division, and respectfully ask this Court to assume full jurisdiction over this action, as provided by law.

This February 28, 2022.

>KERRICK BACHERT PSC
>1025 State Street
>P.O. Box 9547
>Bowling Green, KY 42101
>T: (270) 782-8160
>F: (270) 782-5856
>tkerrick@kerricklaw.com
>cgivens@kerricklaw.com
>
>/s/ *Colton W. Givens*
>Thomas N. Kerrick
>Colton W. Givens
>*Counsel for Defendant Dollar General Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 28, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

I further certify that, on February 28, 2022, a copy of the foregoing was served on the following persons via email and/or U.S. Mail, postage pre-paid.

Wanda A. White, Esq.
110 N. Washington St.
Albany, KY 42602
atty027@hotmail.com

Jacqueline S. Sawyers, Esq.
2216 Dixie Highway, Suite 203
Fort Mitchell, KY 41017
jsawyers@jsawyerslaw.com

/s/ *Colton W. Givens*
Thomas N. Kerrick
Colton W. Givens
*Counsel for Defendant Dollar General Corporation*