| AOC-105 | Doc. Code: CI | | Case No. 22-CI- 00002 |
| Rev. 1-07 | | | |
| Page 1 of 1 | | | Court ☐ Circuit ☐ District |
| Commonwealth of Kentucky | | | |
| Court of Justice   www.courts.ky.gov | **CIVIL SUMMONS** | County   Clinton ☑ |
| CR 4.02; CR Official Form 1 | | | |

**PLAINTIFF**

GALE BACHMAN and husband, STEFAN BACHMAN        Last Name

**VS.**

**DEFENDANT**

UNKNOWN EMPLOYEES OF DOLLAR GENERAL CORPORATION

**Service of Process Agent for Defendant:**
Serve via:

Warning Order Attorney

Dollar General Corporation located at 600 N Cross St., Albany, Kentucky

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or** by **an attorney on your behalf** within **20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date:  01-11  , 20 22                  Jake Staton        Clerk
                                  By:      Pam Elmore        D.C.

| **Proof of Service** |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| this ____ day of _____ , 2 ____ . |
| Served by: _____ |
| _____ Title |

Exhibit 1

COMMONWEALTH OF KENTUCKY
40TH JUDICIAL CIRCUIT
CLINTON CIRCUIT COURT
CIVIL ACTION NO. 22-CI- 00002

GALE BACHMAN and husband,
STEFAN BACHMAN                                          PLAINTIFFS

VS.

DOLLAR GENERAL CORPORATION                              DEFENDANTS
a Tennessee corporation;

    Serve Registered Agent:
    Corporation Service Company
    421 West Main Street
    Frankfort, Kentucky 40601

And                                          

UNKNOWN EMPLOYEES OF
DOLLAR GENERAL CORPORATION

    Serve Via Warning Order Attorney

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Now, comes the Plaintiffs, Gale Bachman and Stefan Bachman, by and through Counsel, and for their Complaint, hereby state as follows:

### JURISDICTION

    The amount in controversy pursuant to the action hereto falls within the jurisdictional limitations of this Court.

## PARTIES

1. Plaintiffs, Gale Bachman and her husband, Stefan Bachman, are now and  at all times relevant hereto,  adult residents of Clinton County, Kentucky residing at  71 Lake Path, Albany, Kentucky 42602.

2. Defendant,  Dollar General Corporation (hereafter referred to as "Dollar General"), is a for profit foreign corporation incorporated  under the laws of the State of Tennessee, with its corporate headquarters located at 100 Mission Ridge, Goodlettsville, Tennessee 37072. Defendant, Dollar General, can be served through its  registered agent for service: Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

3. Defendant, Dollar General, is registered through the Kentucky Secretary of State to do business in Kentucky and owns and/or operates retail stores in the State of Kentucky and throughout the United States under the name Dollar General.

4. Defendant, Dollar General, now and at all times relevant hereto, owns and operates Dollar General Market (believed to be Store #13167) located at 600 N. Cross St., Albany, Kentucky 42602.

5. The Unknown  Employees of  Dollar General Corporation who are named as Unknown Defendants herein are those employees, workers, agents, servants, contractors and/or representatives at Dollar General Market,  located at 600 N. Cross St., Albany, Kentucky, who proximately caused and/or contributed to and/or are responsible for the events which led to the injuries suffered by the Plaintiff, Gale Bachman, and whose identity is not known to the Plaintiff at this time.

## COUNT I

6. On or about   January 13, 2021, Plaintiff, Gale Bachman, was a business invitee/patron/shopper of Dollar General, at its retail business establishment located at 600 N. Cross St., Albany, Kentucky.

7. As a retail business establishment Defendant, Dollar General, has a duty to keep the premises of the store reasonably safe from dangers created by Dollar General, its employees, workers, agents, servants, contractors and/or representatives.

8. As a retail business establishment, Dollar General, along with its unknown employees, workers, agents, servants, contractors and/or representatives, also had a duty to protect its invitees/patrons/shoppers from harm and to maintain its store premises in a reasonably safe manner and/or condition.

9. At or about the same time as aforementioned, Defendants, Dollar General and its unknown employees, workers, agents, servants, contractors and/or representatives carelessly, recklessly and/or negligently failed to maintain the premises of the retail store in question in a  safe manner and carelessly, recklessly, and negligently failed to mitigate or warn invitees/patrons/shoppers in the store of dangerous conditions that should not have been present at a commercial shopping center.

10. Defendant, Dollar General, is responsible for the actions/inactions of its employees, workers, agents, servants, contractors and/or representatives working on the day in question through the Doctrine of  Respondeat Superior and, as a retail business establishment while serving the public, has a higher degree of care for which to protect its invitees/patrons/shoppers.

11. As a direct and proximate result of the careless, reckless, and/or negligent actions or inactions of Defendant, Dollar General, and its unknown employees, workers, agents, servants, contractors and/or representatives, the Plaintiff, Gale Bachman, was injured when shopping in an area designated by Defendant, Dollar General, for customer pedestrian traffic.

12. On the date and at the time and place as aforesaid, an employee, worker, agent, servant, contractor and/or representative of Defendant, Dollar General, acting within the course and scope of his or her employment for Dollar General, was exiting the stock room pushing a large loaded stock cart when he or she struck and ran over the Plaintiff, Gale Bachman, striking the Plaintiff in the back and knocking her down to the floor causing said Plaintiff to suffer injuries to her body injuring her right shoulder, neck and right knee and causing further damages to the said Plaintiff.

13. The employee, worker, agent, servant, contractor and/or representative of Defendant, Dollar General, who is responsible for and caused the Plaintiff's injuries failed to observe and avoid striking the Plaintiff from the rear with the stock cart; failed to cease movement of the cart when the Plaintiff was within striking distance of the stock cart; continued to approach the Plaintiff knowing that the Plaintiff could not observe the approach of the stock cart because he or she was approaching the Plaintiff from behind; and walked and pushed the stock cart so close to the Plaintiff that she could be struck by the cart, among other negligence-based acts and/or omissions.

14. As a result of the carelessness, recklessness and negligence of Defendant and its unknown employees, workers, agents, servants, contractors and/or representatives, Plaintiff was caused to suffer serious and permanent bodily injuries, incur thousands of dollars in

medical expenses, will incur additional medical expenses in the future, lost wages, and has suffered, and will continue to suffer great emotional and physical pain.

## COUNT II

15. Plaintiffs reallege Paragraphs 1 through 14 of Count I, and incorporate same in Count II, as if fully set forth herein by reference.

16. That the acts or omissions of both Defendants and its unknown employees, workers, agents, servants, contractors and/or representatives in operating said retail business establishment as previously described and which proximately caused and/or contributed to the Plaintiff's injuries hereinabove mentioned amount to gross, reckless, malicious, willful and/or wanton behavior in nature.

17. Such actions of the Defendant, Dollar General, and its employees, workers, agents, servants, contractors and/or representatives were a conscious and deliberate disregard of the interests, safety, and welfare of the Plaintiff, Gale Bachman, as well as other invitees/patrons/shoppers or innocent bystanders, and thus, exemplary or punitive damages should be assessed as a matter of law against the Defendants.

## COUNT III

18. Plaintiffs reallege Paragraphs 1 through 17 of Counts I and II, and incorporate same in Count III, as if fully set forth herein by reference.

19. That as a result the intentional/willful/negligent/careless and reckless acts and/or omissions of the Defendant and its unknown employees, workers, agents, servants, contractors and/or representatives, in operating, maintaining, securing, designing, and monitoring the subject retail business establishment as previously described and which proximately caused and/or

contributed to the injuries to the Plaintiff hereinabove mentioned, the Plaintiff was caused to suffer and will continue to suffer from severe emotional distress.

## COUNT IV

20. Plaintiffs reallege Paragraphs 1 through 19 of Counts I,II and III, and incorporate same in Count IV, as if fully set forth herein by reference.

21. That Defendant, Dollar General, carelessly, recklessly, and/or negligently failed to train its employees, workers, agents, servants, contractors and/or representatives in the safe methods and manner of stocking and moving merchandise, thereby endangering the safety and well-being of all invitees/patrons/shoppers in its retail business establishment, including the Plaintiff, Gale Bachman, and such careless, reckless and negligent training contributed to the events that led to the injuries sustained by the said Plaintiff.

22. That Defendant, Dollar General, carelessly, recklessly, and/or negligently failed to supervise its employees, workers, agents, servants, contractors and/or representatives to ensure that safe and proper methods were used in stocking and moving merchandise, thereby endangering the safety and well-being of all invitees/patrons/shoppers in its retail business establishment, including the Plaintiff, Gale Bachman, and such careless, reckless and negligent supervision contributed to the events that led to the injuries sustained by the said Plaintiff.

23. That Defendant, Dollar General, carelessly, recklessly, and/or negligently failed to establish and enforce proper security, design, monitoring and/or maintenance and protection protocols/rules for shoppers/invitees, thereby endangering the safety and well-being of all patrons/invitees, including Plaintiff, Gale Bachman, and contributed to the events that led to the injuries sustained by the Plaintiff.

## COUNT V

24. Plaintiffs reallege Paragraphs 1 through 23 of Counts I, II, III and IV, and incorporate same in Count IV, as if fully set forth herein by reference.

25. That the Defendant, Dollar General, along with its unknown employees, workers, agents, servants, contractors and/or representatives, when moving carts of merchandise, had a duty to inspect the store premises for conditions of danger created within the store premises on a timely basis and clearly failed to do so.

26. That Defendant, Dollar General, and its unknown employees, workers, agents, servants, contractors and/or representatives carelessly, recklessly, and/or negligently inspected the store premises in question and areas of customer traffic during the relevant times aforementioned, hereby contributing to the events that led to the injuries sustained by the Plaintiff, and endangering the safety and well-being of all invitees/patrons/shoppers within the store premises.

## COUNT VI

27. Plaintiffs reallege Paragraphs 1 through 26 of Counts I, II, III, IV and V, and incorporate same in Count VI, as if fully set forth herein by reference.

28. At the time of the incident as described in Count I which resulted in the Plaintiff's injuries as described herein, the Plaintiffs were married, and the Plaintiffs continue to be married at the time of the filing of this Complaint.

29. That as a direct result of the wrongful, intentional, and/or negligent acts of Defendant, Dollar General, along with its unknown employees, workers, agents, servants, contractors and/or representatives, which caused Plaintiff Gale Bachman's injuries, the Plaintiff, Stefan Bachman, was caused to suffer, and will continue to suffer in the future, from loss

of consortium, including loss of services, assistance, aid, society, companionship, and conjugal relations, all to the detriment of their marital relationship.

30. That all injuries and damages were caused solely and proximately by Defendants named herein.

### JURY DEMAND

The Plaintiffs demand a trial by jury of the issues raised herein.

**WHEREFORE**, the Plaintiffs, Gale Bachman and Stefan Bachman, demand Judgment against Defendants, Dollar General Corporation, and its unknown employees, workers, agents, servants, contractors and/or representatives, jointly and severally, as follows:

A.  For a Judgment against all Defendants for compensatory damages in an amount to be determined by the trier of fact, including but not limited to past, present and future hospital and medical bills, past, present and future loss of earnings, loss of consortium, and physical and mental pain and suffering, and all other damages and injuries suffered by the Plaintiff, in an amount to be determined by the trier of fact;

B.  For a Judgment against the appropriate Defendants for exemplary and/or punitive damages in an amount to be determined by the trier of fact;

C.  For any and all costs or interest and reasonable attorney fees expended herein as a direct and proximate result of said occurrence;

D.  For a Jury Trial on all issues herein; and

E.  For any and all further proper and equitable relief to which the Plaintiffs may be entitled herein.

02/11/2022

Respectfully Submitted,

WANDA A. WHITE, Esq.
(KBA # 82374)
110 N. Washington St.
Albany, Kentucky 42602
Phone No: (606)387-4767
Facsimile: (606)387-4768
Email: atty027@hotmail.com

JACQUELINE S. SAWYERS, Esq.
(KBA # 82094)
2216 Dixie Highway, Suite 203
Fort Mitchell, Kentucky  41017
Phone No: (859) 578-9555
Facsimile: (859) 578-9333
Email: jsawyers@jsawyerslaw.com

ATTORNEYS FOR PLAINTIFF

02/11/2022

## VERIFICATION

The undersigned, Gale Bachman, has read the statements contained in the foregoing Complaint with Jury Demand, and all of the statements contained therein are true, accurate and correct to the best my knowledge and belief.

_Gale Bachman_
GALE BACHMAN

## VERIFICATION

The undersigned, Stefan Bachman, has read the statements contained in the foregoing Complaint with Jury Demand, and all of the statements contained therein are true, accurate and correct to the best my knowledge and belief.

_Stefan Bachman_
STEFAN BACHMAN

## NOTARY CERTIFICATE

COMMONWEALTH OF KENTUCKY
COUNTY OF CLINTON

The foregoing was subscribed, sworn to and acknowledged before me this 10 day of January, 2022, by GALE BACHMAN and STEFAN BACHMAN, as his/her free and voluntary act and deed.

My Commission Expires:

12-4-22

_Wanda Cur_

Notary Public Id: 611796

02/11/2022

U.S. POSTAGE PAID
FCM LG ENV
ALBANY, KY
42602
FEB 07, 22
AMOUNT

**$8.36**

R2305M143801-09

37072

1000

RETURN RECEIPT REQUESTED

CERTIFIED MAIL

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

7003 1680 0007 3836 1346

LUTHER C. CONNER, JR.
ATTORNEY AT LAW
P.O. BOX 177
103 NORTH CROSS STREET
ALBANY, KENTUCKY 42602

*To*

UNKNOWN EMPLOYEES OF DOLLAR
GENERAL CORPORATION
DOLLAR GENERAL CORPORATION
100 MISSION RIDGE
GOODLETTSVILLE, TENNESSEE    37072

02/11/2022

| AOC- 110       Doc. Code: AWOA<br>Rev. 6-13<br>Page 1 of 1<br><br>Commonwealth of Kentucky Court<br>of Justice   www.kycourts.gov<br><br>Rule CR 4.05; 4.07 | <br>APPOINTMENT OF WARNING<br>ORDER ATTORNEY | Case No. **22-CI-00002**<br>Court __**Circuit**__<br>County __**Clinton**__<br>Division _____ |

## BACHMAN, GALE

**PLAINTIFF**

VS.

## UNKNOWN EMPLOYEES OF DOLLAR GENERAL CORPORATION

**DEFENDANT**

Not later than fifty (50) days after the date of this Order, the above-named Defendant is warned to appear and answer the Complaint/Petition of the above-named Plaintiff filed against him/her.

## LUTHER CONNER
### (Name of Attorney)

## PO BOX 177
### (Address)

## ALBANY KY 42602

### 606-387-6021
(Phone number)

a regular practicing attorney of this Court, is appointed to correspond with the Defendant, and to inform him/her by mail concerning the pendency and nature of this action, and to file his/her report in the Clerk's office of this Court within fifty (50) days after the date of this Order.

01-11 , 2022

Jake staton   Clerk

By: Pam Elliot   D.C.

02/11/2022

## LUTHER C. CONNER, JR.
### ATTORNEY AT LAW
504 NORTH CROSS STREET
P.O. BOX 177
ALBANY, KENTUCKY 42602-0177

ALSO ADMITTED IN FLORIDA

TELEPHONE (606) 387-5021
TELEFACSIMILE (606) 387-8092

February 3, 2022

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Unknown Employees of Dollar
  General Corporation
Dollar General Corporation
100 Mission Ridge
Goodlettsville, Tennessee  37072

In re:  Bachman vs. Dollar General Corporation
        and Unknown Employees of Dollar General
        Corporation; Clinton Circuit Court;
        Civil Action No. 22-CI-00002

Dear unknown employees:

On January 11, 2022, the Plaintiffs, Gale Bachman and husband, Stefan Bachman, filed in the office of the Clerk of the Clinton Circuit Court, Albany, Kentucky, a complaint seeking damages for an alleged injury suffered in your store. Copies of said documents are enclosed to attempt to locate and to notify the unknown employees of Dollar General described in the complaint.

On January 11, 2022, I was, by the Clerk of said Court, appointed to correspond with you and to inform you of the nature and the pendency of said action. A copy of the Appointment of Warning Order Attorney, dated January 11, 2022, appointing me Warning Order Attorney is also enclosed. **You are hereby notified that you must file an answer to the complaint within 50 days after January 11, 2022.** If you do not file a response, a judgment could be entered against you for the damages requested.

For your information, the Plaintiff, Gale Bachman, in her Complaint has demanded a trial by jury stating that you have caused her great emotional and physical pain by striking her with a large, loaded stock cart in the Albany Dollar General Store on January 13, 2021. She has asked for damages for herself and her husband.

Please call me upon receipt of this letter if you wish to discuss this matter. You should consult your employer and an attorney for advice and to defend this action if you wish.

Sincerely,

Luther C. Conner, Jr.

LCCJr: swc
Encs.
swc114let-WOA17.doc

02/11/2022

COMMONWEALTH OF KENTUCKY
CLINTON CIRCUIT COURT
CIVIL ACTION NO. 22-CI-0002
*Electronically Filed*

GALE BACHMAN and husband,                                          PLAINTIFFS
STEFAN BACHMAN

v.

DOLLAR GENERAL CORPORATION

and

UNKNOWN EMPLOYEES OF
DOLLAR GENERAL CORPORATION                                          DEFENDANTS

### NOTICE OF FILING NOTICE OF REMOVAL

Please take notice that, on February 28, 2022, Defendant Dollar General Corporation, by counsel, filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, removing the above-captioned action from the Clinton County, Kentucky Circuit Court to the United States District Court for the Western District of Kentucky, Bowling Green Division.  A true and correct copy of the Notice of Removal is attached as **Exhibit 1**.

Please take further notice that, upon the filing of the Notice of Removal with the Clerk of the United States District Court for the Western District of Kentucky, and filing copies hereof with the Clerk for the Clinton County, Kentucky Circuit Court, Defendant has effected removal, and the Circuit Court shall proceed no further in this action unless and until the case is remanded pursuant to 28 U.S.C. § 1446(d).

This February 28, 2022.

KERRICK BACHERT PSC
1025 State Street
P.O. Box 9547
Bowling Green, KY 42101
T: (270) 782-8160
F: (270) 782-5856
tkerrick@kerricklaw.com
cgivens@kerricklaw.com

/s/ *Colton W. Givens*
Thomas N. Kerrick
Colton W. Givens
*Counsel for Defendant Dollar General Corporation*

## CERTIFICATE OF SERVICE

I certify that, on February 28, 2022, a true and correct copy of the foregoing was electronically filed using the Kentucky Courts e-filing system and served on the following persons via email and/or US Mail, postage prepaid:

Wanda A. White, Esq.
110 N. Washington St.
Albany, KY 42602
atty027@hotmail.com

Jacqueline S. Sawyers, Esq.
2216 Dixie Highway, Suite 203
Fort Mitchell, KY 41017
jsawyers@jsawyerslaw.com

/s/ *Colton W. Givens*
Thomas N. Kerrick
Colton W. Givens
*Counsel for Defendant Dollar General Corporation*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. _____
*Electronically Filed*

GALE BACHMAN and husband,                                                    PLAINTIFFS
STEFAN BACHMAN

v.

DOLLAR GENERAL CORPORATION

and

UNKNOWN EMPLOYEES OF
DOLLAR GENERAL CORPORATION                                         DEFENDANTS

### NOTICE OF REMOVAL

Defendant Dollar General Corporation (the "Removing Defendant"), by counsel, states as

follows for its Notice of Removal:

### Introduction

1.      Plaintiffs Gale Bachman and Stefan Bachman filed this action on January 11, 2022

in Clinton County, Kentucky Circuit Court, Civil Action No. 22-CI-00002.  The defendants to this

action are Dollar General Corporation and Unknown Employees of Dollar General Corporation.

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders filed in the state court

action is attached to this Notice as **Exhibit 1**.

2.      Removing Defendant received a copy of the Complaint n February 14, 2022.  This

Notice of Removal is filed within thirty days of Removing Defendant's receipt of the Complaint

pursuant to 28 U.S.C. § 1446(b) and *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344 (1999).

Exhibit 1

3.      Pursuant to 28 U.S.C. § 1446(d), Removing Defendant has filed this Notice with this Court, is serving a copy of this Notice on Plaintiffs' counsel, and is filing a copy in the Clinton Circuit Court.

4.      A copy of the required Civil Cover Sheet is attached to this Notice as **Exhibit 2**.

## Grounds for Removal

5.      Removing Defendant removes this action to the United States District Court for the Western District of Kentucky, Bowling Green Division, based on the existence of diversity jurisdiction under 28 U.S.C. §§ 1332(a) & 1441(a).

6.      Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

7.      Under 28 U.S.C. § 1441(a), any civil action brought in state court that is within the original jurisdiction of the federal courts may be removed by the defendant to the federal district court for the district and division embracing the place where the state action is pending.

## Diversity of Parties

8.      Upon information and belief, Plaintiffs are citizens and residents of Kentucky.  *See* [**Ex. 1**, Complaint at 2 ¶1.]

9.      Defendant Dollar General Corporation is a Tennessee corporation with its principal place of business in Goodlettsville, Davidson County, Tennessee.  *See* [*Id.* at 2 ¶2.]  Defendant Dollar General Corporation is a citizen of Tennessee for purposes of diversity jurisdiction under 28 U.S.C. §§ 1332(a) & 1441.  *See* 28 U.S.C. § 1332(c)(1).

10.     This matter arises from an incident occurring at a Dollar General Market retail store in Albany, Clinton County, Kentucky.

2

11.     Upon information and belief, the subject retail store is not operated by Defendant Dollar General Corporation.  Instead, the subject retail store is operated by Dollar General Partners, a Kentucky general partnership.  Dollar General Partners is believed to be the real defendant in interest.  "When determining whether diversity jurisdiction exists, a federal court must disregard nominal parties and decide jurisdiction only on the citizenship of the real parties in interest." *Mortenson Family Dental Ctr., Inc. v. Heartland Dental Care, Inc.*, 526 F. App'x 506, 508 (6th Cir. 2013).

12.     For purposes of federal diversity jurisdiction under 28 U.S.C. §§ 1332(a) & 1441, an unincorporated association, such as a partnership, possesses the citizenship of each of its members. *See Certain Interested Underwriters at Lloyd's, London, England v. Layne*, 26 F.3d 39, 41 (6th Cir. 1994).

13.     Further, when an unincorporated association is comprised of one or more partners or members, the Court must inquire as to the citizenship of each "sub-member" to determine if complete diversity exists.  *See Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

14.     The partners of Dollar General Partners are DG Strategic VI, LLC and DG Promotions, Inc.

15.     DG Strategic VI, LLC is a single-member Tennessee limited liability company. The sole member of DG Strategic VI, LLC is Dollar General Corporation, a Tennessee corporation with its principal place of business in Tennessee.  DG Strategic VI, LLC is therefore a citizen of Tennessee for purposes of diversity jurisdiction under 28 U.S.C. §§ 1332(a) & 1441 because its sole member is a Tennessee citizen.  *See Delay*, 585 F.3d at 1005.

3

16.     DG Promotions, Inc. is a Tennessee corporation with its principal place of business in Tennessee.  DG Promotions, Inc. is a citizen of Tennessee for purposes of diversity jurisdiction under 28 U.S.C. §§ 1332(a) & 1441.  *See* 28 U.S.C. § 1332(c)(1).

17.     Because all partners and sub-members of Dollar General Partners are citizens of Tennessee, Dollar General Partners is a citizen of Tennessee for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a) & 1441.  *See Layne*, 26 F.3d at 41; *Delay*, 585 F.3d at 1005.

18.     Based on the foregoing, Plaintiffs are diverse in citizenship from Defendant Dollar General Corporation, as well as the entity believed to be the real defendant in interest, Dollar General Partners.

19.     Plaintiffs also named as defendants "Unknown Employees of Dollar General Corporation." *See* [*Id.* at 2 ¶5.]

20.     Under 28 U.S.C. § 1441(b)(1), "the citizenship of defendants sued under fictitious names shall be disregarded" when determining whether a civil action is removable on the basis of diversity.

21.     Accordingly, the citizenship of the Unknown Employees—which Plaintiffs do not allege in their Complaint—must be disregarded for purposes of removal.  *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 947-48 (6th Cir. 1994) (disregarding citizenship of "Jane Doe" defendant); *Smith v. Kmart Corp.*, No. 7:12-CV-103-KKC, 2012 WL 6652602, at *1-2 (E.D. Ky. Dec. 19, 2012) (disregarding citizenship of "Unknown Employees" defendants).

22.     Because Plaintiffs are completely diverse from Defendant Dollar General Corporation and Dollar General Partners—the only parties who matter for diversity of citizenship purposes—the diversity requirement of 28 U.S.C. § 1332(a) is satisfied.  *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 & n.3 (1996).

4

**Amount in Controversy**

23.     Plaintiffs' Complaint seeks damages arising from an alleged incident occurring on January 13, 2021 at the Dollar General Market retail store in Albany, Clinton County, Kentucky. Specifically, Plaintiffs allege Gale Bachman was struck by a stock cart, causing her to sustain injuries.  Plaintiffs assert claims of negligence, punitive damages, emotional distress, negligent supervision and training, negligent inspection, and loss of consortium.

24.     Plaintiffs' Complaint does not contain a demand for a specific sum of monetary damages, because such a demand is not permitted under Kentucky's civil rules.  *See* 28 U.S.C. § 1446(c)(2)(A)(ii); Ky. R. Civ. P. 8.01(2).

25.     Plaintiffs seek damages for "past, present and future hospital and medical bills, past, present and future loss of earnings, loss of consortium, and physical and mental pain and suffering."  [*Id.* at 8 ¶A.]

26.     Removing Defendant received a $100,000 pre-suit demand from Plaintiffs, which included copies of medical records for Plaintiff Gale Bachman purporting to substantiate this amount.  Plaintiffs' demand claims Mrs. Bachman sustained serious injuries to her right lower back, left knee, right shoulder, cervical spine, and right knee.  Plaintiffs state Mrs. Bachman has undergone a cervical spine MRI, has treated with a neurologist, and has received one or more steroid injections in her neck.  Finally, Plaintiffs say Mrs. Bachman continues to experience extensive, constant pain in her neck, limited range of motion in her neck, and headaches.

27.     A demand letter may be considered "relevant evidence of the amount in controversy" if it "reflects a reasonable estimate of the plaintiff's claim."  *Conder v. Best Value, Inc.*, No. 3:08-cv-411-M, 2008 WL 4601915, at *2 (W.D. Ky. Oct. 15, 2008) (cleaned up).  Here, while Removing Defendant disputes Plaintiffs are entitled to the amounts demanded in their

counsel's letter, Plaintiffs have nevertheless set forth a claim for at least $100,000 in medical bills and pain and suffering.

28.     Plaintiffs' Complaint also seeks "exemplary and/or punitive damages." [*Id.* at 8 ¶B.] "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citation and internal alteration omitted). Again, although Removing Defendant disputes Plaintiffs are entitled to punitive damages, at the pleading stage it cannot be said with legal certainty Plaintiffs cannot recover such damages.

29.     Based on the foregoing, the amount in controversy under the Complaint exceeds $75,000 by a preponderance of evidence. *See* 28 U.S.C. § 1446(c)(2)(B).

### Jurisdiction and Venue

30.     This Court has subject matter jurisdiction over the action and all claims asserted against Removing Defendant, as Plaintiffs have placed more than $75,000 in controversy and Plaintiffs are completely diverse from both Removing Defendant and the party believed to be the real defendant in interest.

31.     Consent of the Unknown Employees to remove this action is not required, as they have not been served or otherwise properly joined to this action. *See Farnsworth v. Nationstar Mortg., LLC*, 569 F. App'x 421, 425 (6th Cir. 2014); *Bell v. Newpage Corp.*, No. 5:10-CV-27, 2010 WL 1141165, at *1 (W.D. Ky. Mar. 22, 2010)

32.     Removal of this action is proper because this action is within the original jurisdiction of this Court and none of the defendants whose citizenship must be considered for diversity purposes is a citizen of Kentucky. *See* 28 U.S.C. §§ 1441(a) & (b)(2).

33.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 97(b) & 1441(a), as the United States District Court for the Western District of Kentucky, Bowling Green Division, is the federal judicial district and division embracing the Clinton County, Kentucky Circuit Court, where the state court action was originally filed.

WHEREFORE, for the reasons set forth above and pursuant to 28 U.S.C. §§ 1441(a) & 1446, Defendant Dollar General Corporation hereby removes this action from the Clinton County, Kentucky Circuit Court to the United States District Court for the Western District of Kentucky, Bowling Green Division, and respectfully ask this Court to assume full jurisdiction over this action, as provided by law.

This February 28, 2022.

KERRICK BACHERT PSC
1025 State Street
P.O. Box 9547
Bowling Green, KY 42101
T: (270) 782-8160
F: (270) 782-5856
tkerrick@kerricklaw.com
cgivens@kerricklaw.com

/s/ Colton W. Givens
Thomas N. Kerrick
Colton W. Givens
*Counsel for Defendant Dollar General Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 28, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

I further certify that, on February 28, 2022, a copy of the foregoing was served on the following persons via email and/or U.S. Mail, postage pre-paid.

Wanda A. White, Esq.
110 N. Washington St.
Albany, KY 42602
atty027@hotmail.com

Jacqueline S. Sawyers, Esq.
2216 Dixie Highway, Suite 203
Fort Mitchell, KY 41017
jsawyers@jsawyerslaw.com

/s/ *Colton W. Givens*
Thomas N. Kerrick
Colton W. Givens
*Counsel for Defendant Dollar General Corporation*